**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

WILMINGTON TRUST COMPANY            )
                                    )
                                    )
              Plaintiff,            )
                                    )        C.A. No. U607-08-166
         v.                         )
                                    )
                                    )
RUTH G. MORGAN                      )
                                    )
                                    )
              Defendant.            )

Submitted February 26, 2015
Decided April 9, 2015

*Seth Yeager, Esquire, Attorney for Plaintiff*
*William Wilgus, Esquire, Attorney for the Defendant*

**ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IN ORDER TO EFFECTUATE SERVICE**

Plaintiff filed its Motion for Enlargement of Time in Order to Effectuate Service on February 19, 2015.  Defendant filed a responsive pleading on February 26, 2015. After considering the parties' submissions, the Motion is hereby **GRANTED.**

### *Procedural History*

On February 12, 2009, Plaintiff was granted a default judgment after Defendant failed to appear. On March 18, 2014, Defendant, through its counsel, filed a motion to vacate the default judgment on the grounds that the original complaint was sent to the wrong address. On October 3, 2014, Defendant's motion was granted and the 2009 judgment was voided for lack of proper

1

service. Following that decision, Plaintiff filed its Motion for Enlargement of Time in Order to Effectuate Service.

## *Discussion*

Defendant contests Plaintiff's Motion for Enlargement of Time in Order to Effectuate Service on the grounds that Plaintiff cannot make a showing of excusable neglect for its failure to effectuate proper service in 2009.

Notwithstanding the service of process defects in 2009, Defendant has since had ample notice of the suit against her. Defendant was aware of the suit on March 18, 2014 when she appeared through counsel by filing her motion to vacate the default judgment. Defendant's counsel did not specially appear or appear for the sole purpose of contesting jurisdiction when presenting the motion. Although defense counsel subsequently filed a limited entry of appearance on February 26, 2015, it is clear Defendant had sufficient notice and awareness of the complaint through her previous appearance moving to set aside the default judgment.

The record in this matter demonstrates at least excusable neglect in initially failing to perfect service. Plaintiff requested service upon defendant at the address of record she had allegedly provided Plaintiff in her credit application. The specially appointed process server attested to service at that same address by leaving the filing with an adult who identified himself as Defendant's son, albeit the server misspelled his name. Plaintiff reasonably relied upon the representations of the process server. In addition, the Court finds granting the motion will not prejudice Defendant in that she already clearly has ample notice and understanding of the action, and generally appeared in the action when she moved to set aside the default. However, inasmuch as the Court's Commissioner previously instructed Plaintiff to effectuate new service upon Defendant and that instruction was not appealed, that instruction stands. Accordingly,

2

Plaintiff's motion is **GRANTED.** Plaintiff is granted 120 days to serve its complaint on Defendant.

       **IT IS SO ORDERED** this _____ day of April, 2015.


_____
**Kenneth S. Clark, Jr.**
**Judge**